**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MAURICE GREEN, JR.,                )
LEAONA GREEN, and                  )
LEOLA MEEKS,                       )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )          No. 4:07CV409 HEA
                                   )
UNKNOWN VERHAEGHE, and             )
UNKNOWN SACK,                      )
                                   )
          Defendants.              )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Maurice Green, Jr. (Registration no.

507473), an inmate at Algoa Correctional Center, for leave to commence this action without payment

of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant

does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of

$33.36. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court

finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.

After payment of the initial partial filing fee, the prisoner is required to make monthly payments of

20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $166.79, and an average monthly balance of $10.10. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $33.36, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

2

Plaintiffs bring this action under 42 U.S.C. § 1983 for alleged violations of their Fourth Amendment right to be free from unreasonable searches and seizures. Named as defendants are Unknown Verhaeghe and Unknown Sack, both of whom are alleged to be detectives for St. Louis County Police Department.

Plaintiff Maurice Green alleges that he was arrested on December 6, 1999, for possession of crack cocaine. Plaintiff further alleges that a police officer questioned him about the drugs and asked permission to search plaintiff's residence. Plaintiff claims that he consented to the search. Plaintiff alleges that, as a result of the search, the officer removed two safes from plaintiff's house. Plaintiff states that the safes were never returned to him, even though, he claims, no illegal items were in the two safes. Plaintiff seeks injunctive and monetary relief.

### Discussion

The complaint contains no allegations that relate to plaintiffs Leaona Green or Leola Meeks. Additionally, the complaint does not bear either Leaona Green or Leola Meeks's signature. As a result, the complaint shall be dismissed as to both Leaona Green Leola Meeks. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 11.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiffs have not set forth any facts indicating that any of the

3

named defendants were directly involved in or personally responsible for the alleged violations of their constitutional rights. As a result, the complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B).

Finally, plaintiffs have previously presented this issue to both this Court and to the Circuit Court for St. Louis County. *See Green v. Verhaeghe*, 4:03CV1723 CDP (E.D. Mo.). Judgment was entered against plaintiffs in the previous cases. As a consequence, collateral estoppel applies and plaintiffs may not bring this suit. *Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168 (8th Cir. 1989).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $33.36 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

Dated this 9th day of March, 2007.

_____
**HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**